ALD-238                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1550
_____

UNITED STATES OF AMERICA

v.

JASON SHEPPARD,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 10-cr-00119-001)
District Judge: Cathy Bissoon
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 14, 2018
Before:  MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 6, 2018)

_____

OPINION<sup>*</sup>
_____

PER CURIAM

_____

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jason Sheppard appeals from an order of the District Court dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

Sheppard, a federal prisoner, pleaded guilty in the United States District Court for the Western District of Pennsylvania to one count of wire fraud. The District Court sentenced him on June 12, 2012 to a term of imprisonment of 55 months and three years of supervised release, and he was ordered to make restitution. Although Sheppard waived the right to appeal or collaterally challenge his conviction and sentence, he nevertheless has filed numerous unsuccessful § 2255 motions, 28 U.S.C. § 2255, and numerous unsuccessful Rule 60(b) motions, Fed. R. Civ. P., seeking relief from his conviction and sentence.

On March 9, 2018, Sheppard, then incarcerated at the Federal Correctional Institution Elkton, in Lisbon, Ohio ("FCI Elkton"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the sentencing court in his criminal case, United States v. Sheppard, D.C. Crim. No. 10-cr-00119, in which he challenged his conviction and sentence. Sheppard claimed that in July, 2012 he began to work on his collateral appeal with Candace Cain of the Office of the Federal Defender; he sought to pursue a claim of ineffective assistance of trial counsel in connection with his plea. Cain eventually withdrew, apparently in November, 2012. Sheppard then pursued his § 2255 motion pro se but was unsuccessful in obtaining relief. After his original § 2255 motion was denied, Sheppard received new evidence allegedly showing that his trial counsel had operated under a conflict of interest during the plea process. Sheppard "went to Cain for

2

assistance" but she again declined to assist him. Sheppard alleged in his § 2241 petition that Cain's abandonment of him was a violation of his right to post-conviction counsel pursuant to the Sixth Amendment, citing Martinez v. Ryan, 566 U.S. 1 (2012) (holding that claim that state post-conviction counsel was ineffective is not cognizable in federal habeas but may qualify as cause to excuse default of substantial claim of ineffective assistance of trial counsel), and Trevino v. Thaler, 569 U.S. 413 (2013).[1] Sheppard alleged that he had a substantial claim of trial counsel ineffectiveness based on his new evidence of a conflict of interest, and noted that the Court of Appeals for the Seventh Circuit, in Ramirez v. United States, 799 F.3d 845 (7th Cir. 2015), permitted a federal prisoner with a claim that his § 2255 counsel had been ineffective to proceed under Federal Rule of Civil Procedure 60(b).

In an order entered on March 12, 2018, the District Court dismissed Sheppard's § 2241 in a "text-only" entry on the criminal docket "for the same reasons as stated in the Order dated 3/23/15 (Doc. 215)." In that March, 2015 Order and Memorandum, the District Court dismissed a § 2241 petition filed by Sheppard in March, 2017 for lack of jurisdiction because motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences. The Court rejected Sheppard's argument that a § 2255 motion is an inadequate and ineffective vehicle for

---

[1] Martinez applies to initial-review collateral proceedings. 566 U.S. at 9. In Trevino, the Supreme Court held that the cause exception recognized in Martinez also applies where a state's procedural framework makes it "highly unlikely" that a typical defendant will have a meaningful opportunity to raise ineffective assistance claims on direct appeal. 569 U.S. at 429.

raising a claim based on <u>Martinez</u> and <u>Trevino</u>, citing a not precedential decision of this Court for the proposition that <u>Martinez</u> does not apply to federal prisoners.

Sheppard appeals.[2] Our Clerk advised him that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court dismissing Sheppard's § 2241 petition for lack of jurisdiction, with a modification, because it clearly appears that no substantial question is presented by the appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be bought in the district where the prisoner is confined and the prisoner must name the custodian at the facility where he is being held as the respondent. <u>See</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). <u>See</u> <u>also</u> 28 U.S.C. § 2241(a). The District Court lacked jurisdiction here because Sheppard did not file his § 2241 petition in the district where he was confined, that is, the Northern District of Ohio, nor did he properly name as the respondent the Warden of FCI Elkton.

We further conclude that it was not necessary for the District Court to have transferred the matter to the Northern District of Ohio in the interest of justice, <u>see</u> <u>In re:</u> <u>Nwanze</u>, 242 F.3d 521, 526 (3d Cir. 2001) (assuming that transfer of § 2241 petition to another district where jurisdiction is proper is permitted under 28 U.S.C. § 1404(a)).

---

[2] A certificate of appealability is not required to appeal from the dismissal of a § 2241 petition. <u>See</u> <u>Burkey v. Marberry</u>, 556 F.3d 142, 146 (3d Cir. 2009).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255(e) of title 28, also known as the "savings clause," provides, however, that an application for a writ of habeas corpus may proceed if "it ... appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). In In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), we held that the District Court had jurisdiction to hear a federal prisoner's claim under § 2241 even though he did not meet the gatekeeping requirements of § 2255(h), where an intervening U.S. Supreme Court case rendered the conduct of which he was convicted no longer criminal and where he did not have an earlier opportunity to present his claim.

Sheppard argues that Martinez requires application of the savings clause to his circumstances to permit consideration on the merits of his Sixth Amendment claim based on trial counsel's alleged conflict of interest. We do not agree. Martinez operates as a gateway through which a defaulted and substantial claim of trial counsel ineffectiveness brought by a state prisoner may be considered on the merits. In Cox v. Horn, 757 F.3d 113, 124-26 (3d Cir. 2014), we held that Martinez, which represented a change in decisional law, in conjunction with equitable considerations, could suffice to entitle a state petitioner to Rule 60(b) relief. Because Sheppard has cited the Ramirez case, we will assume arguendo that Martinez may apply to federal prisoners, but, even so, it would necessarily follow from our decision in Cox that a Martinez claim which arises after a federal prisoner's original § 2255 proceedings have come to an end, may be pursued in a

5

Rule 60(b) motion to reopen the § 2255 judgment.  Section 2255 together with Rule 60(b) thus plainly is not inadequate or ineffective to test the legality of Sheppard's conviction and sentence such that he may resort to a § 2241 habeas corpus petition.  Although our analysis is based on the law in this circuit, Sheppard has not argued that the law in the Sixth Circuit favors application of the savings clause of § 2255(e) here, and thus a transfer in the interest of justice was not required.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Sheppard's March, 2018 § 2241 petition, with the modification noted.